Edie Cunningham of the Federal Defender's Office, on behalf of Mr. Ewens, and I'd like to reserve two minutes for rebuttal. Please watch the clock. Yes, Your Honor. I'll start with the Internet ban, unless the Court prefers a different issue. Without question, the Internet ban imposed in this case implicates a significant First Amendment liberty interest. There can be no doubt about that after United States v. Packingham, or excuse me, Packingham v. North Carolina, in which the Supreme Court held that individuals have a fundamental right to access the Internet. But Packingham was a statute, right, that criminalized a sex offender using the Internet. So it's not exactly on point here. It's not on point in that way. But what it does is that it established that access to the Internet is a significant First Amendment fundamental liberty interest. And under this Court's clear precedent, Blankensop, Wolfchild, and other cases, if a condition implicates a significant liberty interest, the district court has to do more when imposing the condition. We don't do every liberty interest, right? So we have this term of art, particularly significant liberty interest, and we only have three or four different things that we've said arise to that level. Obviously, there's many First Amendment protected interests, but many of them can be impinged on by issues of supervised release. So we've said unwanted bodily intrusions, psychoactive drugs, and being barred from your children and your life partner. So why is this one a First Amendment interest? Why should that be added to that very narrow group? The Supreme Court, I believe, explained that very well in Packingham by saying that the Internet is the most important place for the exercise of First Amendment rights in today's society. It is essential to modern society. It is today. So you think in child porn? So we've said in the child porn cases that it's permissible to have complete bans because the Internet was used in the commission of the crime. But you don't think that would apply here, or do you think those cases were also wrongly decided? They should be reconsidered. But in those cases, there was no consideration of the significance of the First Amendment liberty issue at stake. So does Packingham, in your view, does that supersede? Is that clearly irreconcilable with our cases like Reardon, which held that there was no special procedural obligation on the district court, but it was permissible to bar that from people convicted? Well, Your Honor, the issue was what I am arguing was not raised in those prior cases. There was no discussion of the impact on the First Amendment or the significance of the liberty interest. So I do believe now, in light of the significance of the Internet to the exercise of First Amendment rights, needs to take a different approach, and the district court must carefully consider and this court must carefully review conditions that implicate the First Amendment, and the district court should follow the protocol and set forth on the record with on-the-record findings the basis for imposing such a ban. But you're suggesting that we need to revisit our own precedent. How could it have been plain air for the district court not to have foreseen that maybe the Ninth Circuit needs to revisit its precedent? It is a plain air standard, right? A couple of responses to that. It's not exactly the same issue, because what I'm arguing is... Let's start with a simple one. Is it a plain air standard here? Well, there was an objection. As generic an objection as I've ever heard. And... Was there anything suggesting to the judge that he was required to explain this particular decision about applying this particular special condition? No, Your Honor. Was there any suggestion that because of Puckingham or the First Amendment consideration, that this kind of special condition was disfavored or required some justification? No, Your Honor. But I would say that in an unpublished disposition in Avila, before the sentencing in this case and after Puckingham, this court said that after Puckingham, an Internet ban indisputably implicates a significant liberty interest. So I do think... So we're now telling district judges they have to be up on their Ninth Circuit unpublished dispositions if they don't want to go astray. I mean, usually plain air, if you're following the precedent of your court of appeals, you can't go astray under plain air. Well, the precedent that I'm referring to, Your Honor, is Wipschild and Blinkensop and the cases that make clear when a condition implicates a significant liberty interest, more is required. And I submit that after Puckingham, there's just no way to dispute that a total Internet ban does not implicate a significant liberty interest.  As the Third Circuit recently held in Holina in a case where the Internet was integral to a child sex offense, the Third Circuit said it still needs to be narrowly tailored and there's still no reason to preclude a defendant from using the vast educational and news resources on the Internet and that the district court really needs to go through this process and think carefully about what's going to be permitted and what's not going to be permitted. And I would note that a few years ago in the District of Arizona, another judge did limit the Internet ban to making threatening communications over the Internet in a very similar case. So it's not a foregone conclusion that the result would be the same if the district court went through the process. I would like to address the notification of risks condition if the court would like me to or if you have further questions on the Internet ban. Okay, I'll move on to the notification of risks. This condition plainly is ambiguous as to the term risk and as to the individuals to whom risks must be disclosed. That is plain under this Court's decision in Evans. Page 1163 in Evans talks about the ambiguity of the term risk. I thought Evans favorably compared the revised standard condition 12 to the one that it was saying was unconstitutional or was void for vagueness. So then it cites that and says we look at what the Sentencing Commission has done and it appears to cite it favorably as being a better version. Well, Your Honor, I disagree with that because the Evans court easily could have just remanded to impose the new condition. They didn't do that. Did they say anything about the new condition that indicates it wasn't acceptable? Yes. They said we were going to remand it to be revised in accordance with our opinion. And plainly, as I said, on 1163, the Evans court holds that the term risk is too vague, the individuals to whom it must be disclosed is too vague, and on 1164, the Evans court says the problem is not cured by giving an unfettered power of interpretation to the probation officer. The condition must provide guidance to both the probation officer and the defendant. And I would note for the Court that there's a growing consensus that this condition is too vague, and in every case in which it's applied, the district court needs to set parameters for the probation officer. That is the Seventh Circuit, the Tenth Circuit in Hull, the Second Circuit in Bowles, the Sixth Circuit. And I would note that the government cited Hull in its 28J, but I actually cited it in the reply brief because I believe it strongly supports our position. In Hull, at the sentencing hearing, the district court gave guidance to the probation officer as to who to whom the risks must be disclosed, employers, and what kinds of risks must be disclosed, those having to do with home invasions and bank robberies. So the Hull court said the probation officer's discretion was cabined, and plainly under the reasoning of Evans, the district court needs to do that. Do I save some time for rebuttal? Yes, Your Honor. But the district court needs to do that in each case to provide direction. Thank you. May it please the Court? I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States. The district court did not commit plain error in imposing the condition regarding computer and Internet use. The court actually applied this circuit's law, which says to impose such a condition, the use of the computer and the Internet has to be essential or integral to the crime. And that clearly is the case here. The defendant used the computer and the Internet to make his threat. Moreover — Doesn't that go to the substantive reasonableness and not to the procedural requirements of Wolfchild? But if you look at the cases regarding the Internet that this court has, the most recent one is the Lacoste case. You've got Reardon and Antelope, which were both child porn cases. All that was required is that it was clear that the computer and the Internet was essential to the crime. And that's clear. There's no dispute that's the case here. But in Lacoste, was there a Wolfchild objection to the procedures? I do not believe so. But, again, a court reading the cases, how could that be plain error to follow this court's case law on this type of condition? Moreover, you have to evaluate the condition in light of the evidence in this case or lack of evidence that the court had at sentencing. What the court knew was that the defendant was homeless and used a computer in a public library to make the vile threats he made. There is absolutely no evidence, or no argument even, that he had some legitimate need to use a computer or that he was making legitimate use of the computer. So why couldn't the restriction be that he cannot post anything through a computer, but what would prevent him from buying things from Amazon or Safeway delivery? I mean, there are lots of things you can use the Internet for, watching a movie or anything where he's just receiving information rather than sending information. Well, and the condition actually anticipates that that may be needed in the future because it allows the probation officer to basically approve the use, and it also allows or requires monitoring software on any computer he's using. The condition as a whole clearly anticipates that at some time he will be using the computer and the Internet. But lots of our cases say that allowing the probation officer to make exceptions doesn't solve something that is otherwise a problem. Yes. So I'm not sure how that gets you out of it. But in the Reardon case, the court did note that. The court noted that, and Reardon was one of the child pornography cases, it says, and this is a quote from 621 of the Reardon case, the condition does not plainly involve a greater deprivation of liberty than is reasonably necessary for the purpose because it is not absolute, rather it allows for approval of appropriate online access by the probation officer. That's exactly the condition the court imposed. So maybe the problem is we have conflict in our case law between Reardon and some of these other cases. Well, if you have conflict in your case law, it can't be plain error for the judge to follow one line of cases over another. And that is clearly the standard here because there was no real objection. So the court did not commit plain error in imposing this condition, even if the court's case law is contradictory. As far as the risk. Is it a pure question of law whether these, whether a wolf child procedural requirements needed to be done? I don't think so because I think you have to look at it in light of the facts that were presented to the judge as to what kind of interest was at issue here. And like I said, more specifically, in the absence, I mean this is an unusual case in the sense that there is no suggestion that the defendant had any legitimate need or made any legitimate use of the computer or the Internet. In the absence of that, I think you need to look at it in the context of the underlying facts of the case. Well, it's not hard to project. I mean he's supposed to get a job and I don't know what percentage of jobs in today's workforce require some contact with computers and Internet, but I suspect it's a pretty large number. And as you say, the condition anticipates getting permission and anticipates that if adjustments need to be made, the district court's in a position to make them. But it does seem to provide at least a little bit of a handcuff at the beginning as he begins his supervised release, and I guess he's on supervised release for now, right? Is that correct? That's correct. It was time served, and so now he's been on supervised release for what, half his time? Something like that. Well, yes. And actually I think that makes sense, that you would want the most severe restriction at first and then as the probation officer in the court sees how the defendant is progressing, you can make adjustments, and the condition allows that. As far as the risk condition, if there are no more questions on the computer, the Evans case, I think the way to read the Evans case is it is endorsing the new language that the Sentencing Commission came up with, and in fact a subsequent panel of this court certainly read Evans that way, albeit it was an unpublished opinion. I cited that in my 28-J letter. So again, in light of that scenario, how can you say the court plainly erred by using language that the Sentencing Commission had promulgated to correct what was perceived as an ambiguity and that this court endorsed as correcting that ambiguity? So there was no plain error in the court using the language of the Sentencing Commission regarding the risk. The court has no further questions? Apparently not. Thank you. Thank you. We have a little time left for rebuttal. I'd just like to note that LaCoste was pre-Packingham and the First Amendment wasn't raised, so this issue was not addressed in LaCoste. Reardon was, I believe, 2003. That was far before the Internet was considered essential or considered to be a particularly significant liberty interest. These are all pure questions of law, so this court does have discretion to review them de novo. But as I've tried to explain, I believe that plain error is satisfied. And United States v. Joseph 716F3-1273 is authority for the pure question of law. And on the notification of risks, I've explained why I think Evans plainly requires cabining the probation officer's discretion in the unpublished case mentioned by my colleague. There was no discussion of all of the other circuits that have been holding that this condition is plainly vague and gives too much discretion. And, in fact, the Bowles case and the Hall case are very, very recent. So I do contend that that's plain error, and it does impact substantial rights because under Baston-Myron, an illegally imposed supervised release condition that is part of the court's sentence by definition affects substantial rights and undermines the integrity of the system. Thank you. Thank you. The case of United States v. John Ewens is submitted. The case of United States v. Adelo Marquez is submitted on the briefs. The case of Stephen Peck v. Margaret Hinchey is submitted on the briefs.
judges: Clifton, Ikuta, Friedland